UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Megan Acker,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Environmental Resources Management, Inc.,<br><br>　　　　　Defendant. | Case No. 14-cv-2504 (SRN/BRT)<br><br>**MEMORANDUM OPINION AND ORDER** |

Joshua R. Williams, 3249 Hennepin Avenue S., Suite 216, Minneapolis, MN 55408, on behalf of Plaintiff.

Barbara Jean D'Aquila and Margaret Rudolph, Fulbright & Jaworski LLP, 2100 IDS Center, 80 S. Eighth Street, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.　INTRODUCTION

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings [Doc. No. 6] and Defendant's Motion to Strike [Doc. No. 14]. For the reasons set forth below, the Court denies both Motions.

## II.　BACKGROUND

Plaintiff Megan Acker asserts one cause of action against Defendant Environmental Resources Management, Inc. for reprisal in violation of the Minnesota Human Rights Act, Minnesota Statutes § 363A.01 et seq. (Notice of Removal, Ex. A [Doc. No. 1-1] (Compl. ¶¶ 3, 42–46).) According to her Complaint, Plaintiff began working for Defendant on about

August 25, 2008 and, throughout her employment, was subjected by her supervisor, Brian Whiting, to harassment and differential treatment based on sex. (Id. ¶¶ 4, 8–9.) Plaintiff alleges that she complained to her project manager about the sexual harassment and differential treatment on about September 24, 2009 and, shortly thereafter, discussed her complaint with employees in Defendants' human resources department. (Id. ¶¶ 10–11.) Plaintiff asserts that, after the human resources department initiated an investigation of her complaint, Mr. Whiting accused Plaintiff for the first time of having work performance issues. (Id. ¶¶ 12–14.) Thereafter, Plaintiff alleges, Mr. Whiting engaged in a pattern of retaliation and, in February 2010, placed Plaintiff on a performance improvement plan ("PIP") even though she had exceeded her performance expectations for the preceding four months. (Id. ¶¶ 15–16, 18–19.) Although Plaintiff complained to the human resources manager that she believed Mr. Whiting had imposed the PIP in retaliation for her complaint of sex discrimination, the human resources manager failed to investigate. (Id. ¶¶ 21–22.) Mr. Whiting extended the PIP in March 2010, and Defendant ultimately terminated Plaintiff's employment in April 2010. (Id. ¶¶ 25, 29.)

On about February 14, 2011, Plaintiff filed a charge of discrimination based on the events described above with the Minnesota Department of Human Rights ("MDHR"). (Id. ¶ 30.) According to Plaintiff, the MDHR found probable cause that Defendant had retaliated against her in violation of the Minnesota Human Rights Act ("MHRA"). (Id. ¶ 32.) She alleges that any delay in the MDHR's probable cause determination was caused in part by the 2011 Minnesota state government shutdown and by Defendant, and that any

such delay did not cause Defendant to suffer prejudice. (Id. ¶¶ 33–35.) In a May 22, 2014 letter, the MDHR granted Plaintiff the right to pursue a private action. (Id. ¶ 36.) Plaintiff thereafter initiated this lawsuit in Minnesota state court on June 9, 2014. (See Notice of Removal [Doc. No. 1], Ex. A.) On June 30, Defendant removed the matter to this Court under 28 U.S.C. § 1332. (See id.)

Defendant filed its Motion for Judgment on the Pleadings [Doc. No. 6] and a supporting memorandum [Doc. No. 9] on July 25, 2014, seeking to dismiss Plaintiff's Complaint. Plaintiff filed an opposition memorandum [Doc. No. 10], along with a declaration [Doc. No. 11] and several exhibits, and Defendant filed a reply memorandum [Doc. No. 13]. Defendant also filed a Motion to Strike [Doc. No. 14] and supporting memorandum [Doc. No. 16], to which Plaintiff responded [Doc. No. 19]. These matters were heard on November 24. Plaintiff then submitted a supplemental affidavit [Doc. No. 25] and exhibits, and Defendant replied [Doc. No. 26].

### III. DISCUSSION

#### A. Defendant's Motion for Judgment on the Pleadings

Defendant has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) motions are governed by the same standards that apply to motions to dismiss brought under Rule 12(b)(6) for failure to state a claim. Gallagher v. City of Clayton, 699 F.3d 1013, 1016 (8th Cir. 2012) (citation omitted). The Court must assume the facts in the Complaint to be true and construe all reasonable inferences from those facts in the light most favorable to Plaintiff. Morton v. Becker, 793

F.2d 185, 187 (8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions Plaintiff draws from the facts pled. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). In addition, the Court ordinarily does not consider matters outside the pleadings. See Fed. R. Civ. P. 12(d). The Court may, however, consider exhibits attached to the Complaint and documents that are necessarily embraced by the pleadings, Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also consider public records. Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

In its Motion, Defendant argues that dismissal of Plaintiff's Complaint is warranted under the Minnesota Supreme Court's decision in Beaulieu v. RSJ, Inc., 552 N.W.2d 695 (Minn. 1996), and under the doctrine of laches. (Def.'s Mot. for J. on the Pleadings [Doc. No. 6] at 1.) The Court, however, finds that neither theory mandates dismissal in this case.

### 1. Beaulieu

Defendant's first argument is that Plaintiff's claim fails under the Minnesota Supreme Court's interpretation of the MHRA in Beaulieu. (See Def.'s Mem. in Supp. of Its Mot. for J. on the Pleadings [Doc. No. 9] ("Def.'s Mem.") at 1–2.) Under the MHRA, a person has the option of bringing a claim alleging an unfair discriminatory practice in a civil action or in a charge filed with a local commission or the commissioner, within one year after the occurrence of the alleged discriminatory practice. Minn. Stat. § 363A.28, Subd. 3. If the person chooses to file a charge with the commissioner, the commissioner must "promptly" investigate the allegations. Id. § 363A.28, Subd. 6(a). For the type of charge at issue in this case, "the commissioner shall make a determination within 12 months after the charge was filed as to whether or not there is probable cause to credit the allegation of unfair discriminatory practices." Id. § 363A.28, Subd. 6(b).

According to Defendant, the Minnesota Supreme Court's interpretation of this statutory language mandates dismissal of the present action because the MDHR and Plaintiff failed to act within the statutory time limits for pursuing a claim. (See Def.'s Mem. at 9–11, 14–18.) In Beaulieu v. RSJ, Inc., several individuals filed charges with the MDHR, alleging that the defendants had engaged in sex discrimination and reprisal in violation of the MHRA. 552 N.W.2d 695, 698 (Minn. 1996). The MDHR issued its finding of probable cause more than thirty-one months after the charges were filed and, later, filed a complaint against the defendants. Id. at 699. Although the administrative law judge rejected the defendants' argument for dismissal based on the MDHR's untimely finding of probable

5

cause, id., the Minnesota Court of Appeals reversed, id. at 697. The Minnesota Supreme Court affirmed the Court of Appeals:

> We . . . hold that in all cases where the MDHR fails to make a determination of probable cause within 12 months after the filing of a charge, a respondent may seek appropriate relief from the administrative law judge. The relief granted by the administrative law judge should be in proportion to the prejudice suffered by the respondent and may include dismissal of the complaint. Normally, we leave the determination of prejudice and the relief to be granted to the administrative law judge; however, we conclude, as a matter of law, that probable cause determinations made 31 or more months after a charge is filed are per se prejudicial to the respondent and require dismissal of the complaint.

Id. at 702–03. The court also stated in a footnote that "the charging party has the ability, and to some extent the responsibility, to do what it can to minimize the impact of the MDHR's inaction." Id. at 702 n.7 (citing Minn. Stat. §§ 363.071, 363.14[1]; Hukkanen v. Int'l Union of Operating Eng'rs, 3 F.3d 281, 286 (8th Cir. 1993)).

The Court is not persuaded by Defendant's argument. First, Beaulieu set a bright-line rule of per se prejudice requiring dismissal of a complaint only when the underlying probable cause determination is made 31 months or more after a charge is filed. Powers-Potter v. Nash Finch Co., No. 14-CV-0339 (PJS/SER), 2014 WL 2003063, at *1 (D. Minn. May 14, 2014) (analyzing Beaulieu and finding that, although it ordinarily is for the administrative law judge to determine whether a respondent is prejudiced by the MDHR's delay and the appropriate relief, "the Minnesota Supreme Court established a bright-line rule for delays of 31 months or more"). As for instances in which a probable cause

---

[1] These statutory provisions are now located at Minnesota Statutes §§ 363A.29 and 363A.33.

determination is made more than 12 months, but less than 31 months, after a charge is filed, Beaulieu provides that the relief granted to the respondent should be proportionate to the prejudice suffered by the respondent and may include dismissal.  Beaulieu v. Cnty. of Scott, No. C9-96-1730, 1997 WL 104846, at *4 (Mar. 11, 1997) (applying Beaulieu v. RSJ, Inc. and remanding to the administrative law judge to "make findings as to whether [the] respondents suffered prejudice from the [more than 28-month] delay such that relief would be appropriate").  In this case, the bright-line rule does not apply because the MDHR's probable cause determination was made fewer than 31 months after Plaintiff filed her charge.[2]  And the harsh remedy of dismissal on the pleadings is not proportionate to Defendant's general and speculative assertions of prejudice—i.e., that witness's memories may have faded, Plaintiff's perceptions of the alleged events may have changed, and the facts relevant to Plaintiff's claims "are not particularly memorable."  (See Def.'s Mem. at 15, 18, 20.)[3]

Second, Beaulieu is distinguishable from the present case.  As another judge in this District has noted, Beaulieu involved a charge prosecuted by the MDHR rather than a civil

---

[2]   Defendant requested the Court to certify to the Minnesota Supreme Court the question of whether the time period and facts in the present matter are per se prejudicial, if this Court were in doubt about the answer to that question.  (See Def.'s Mem. at 4.)  As discussed above, this Court finds the language in Beaulieu to be clear and does not doubt that the time period and facts in the present matter are not per se prejudicial.  Accordingly, the Court declines Defendant's request to certify the question.

[3]   Defendant contends that it need not proffer evidence demonstrating actual prejudice because case law shows that the delay was prejudicial as a matter of law.  (See Def.'s Reply in Supp. of Mot. for J. on the Pleadings [Doc. No. 13] at 12.)  However, as discussed above, the delay at issue in this case is not considered per se prejudicial under Beaulieu, which is the directly controlling authority on the statutory language at issue.

action filed by an individual plaintiff. Montgomery v. Indep. Sch. Dist. No. 709, 109 F. Supp. 2d 1081, 1101 (D. Minn. Aug. 23, 2000). And, as in that case, "[w]hile the MDHR had some control over its own failure to make a timely determination, [P]laintiff is not responsible for the MDHR's delay in this case." Id.

Finally, contrary to Defendant's assertions, Beaulieu does not require a claimant to pursue a civil action when the MDHR fails to act promptly. (See Def.'s Mem. at 10–11.) In support of its argument, Defendant points to the Minnesota Supreme Court's footnote that a plaintiff is able—and has some responsibility—to minimize the impact of the MDHR's inaction. (See id. at 10.) However, that footnote did not impose new and affirmative duties upon claimants, but instead merely qualified the court's statement that the impact on the charging party of any relief granted to a respondent because of the MDHR's inaction "should be minimized." Beaulieu, 552 N.W.2d at 702. This interpretation is supported by the court's citations to two MHRA provisions that permit—but do not require—a claimant to request an administrative hearing or bring a civil action after a charge has been filed, see Minn. Stat. § 363A.29 ("At any time after 180 days from the filing of a charge, if there has been neither a finding of probable cause nor of no probable cause, the charging party may file a request with the commissioner to appear at a hearing on the party's own behalf or through a private attorney."); id. § 363A.33 (stating that a person may bring a claim directly to district court in certain circumstances, including within 45 days after receiving notice that the commissioner has dismissed a charge or within 45 days from the filing of a charge if no administrative hearing has occurred and no conciliation has been entered into), and to an

8

Eighth Circuit Court of Appeals opinion stating that the doctrine of laches may apply to a charging party in appropriate circumstances, see Hukkanen, 3 F.3d at 286 ("The doctrine of laches is an affirmative defense that may apply in a Title VII lawsuit if the plaintiff's delay in filing is unreasonable and unexcused, and the defendant shows resulting prejudice."). Accordingly, Beaulieu does not mandate dismissal of Plaintiff's Complaint.

### 2. Laches

Defendant next argues that Plaintiff's Complaint should be dismissed pursuant to the doctrine of laches. (See Def.'s Mem. at 11–12.) Laches is an affirmative defense that "may be used to bar a lawsuit when the plaintiff is guilty of (1) unreasonable and unexcused delay, (2) resulting in prejudice to the defendant." Whitfield v. Anheuser-Busch, Inc., 820 F.2d 243, 244 (8th Cir. 1987) (citation omitted). Whether the doctrine of laches applies depends upon the facts of each case, and the defendant bears the burden of persuasion. Id. at 244–45 (citations omitted). Application of the defense is a matter within the Court's sound discretion. Id. at 245 (citation omitted).

The Court finds that it is not appropriate to apply the doctrine of laches to bar Plaintiff's claim. First, affirmative defenses are applicable on motions to dismiss only if "the complaint clearly shows the existence [of] [the] defense," United States v. Xcel Energy, Inc., 759 F. Supp. 2d 1106, 1118 (D. Minn. 2010) (citation and internal quotation marks omitted), and the Complaint in this case does not clearly show the existence of either element of a laches defense. On the contrary, the Complaint alleges that any delay in the MDHR's probable cause determination was caused in part by the 2011 Minnesota state

government shutdown and by Defendant, and that any such delay did not cause Defendant to suffer prejudice.[4]

Second, although Defendant disputes the accuracy of Plaintiff's alleged reasons for the delay and denies that the allegations raise more than a speculative right to relief, (see Def.'s Mem. at 22–24), laches—as discussed above—is an affirmative defense. Plaintiff was not required to plead facts in her Complaint that demonstrate the absence of the application of an affirmative defense. See Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 601 n.10 (8th Cir. 2009) (citation omitted) ("[A] plaintiff need not plead facts responsive to an affirmative defense before it is raised.").

Finally, Defendant's argument regarding the second element of the laches defense is based entirely on the premise that the delay at issue in this case was per se prejudicial. (See Def.'s Reply in Supp. of Mot. for J. on the Pleadings [Doc. No. 13] at 2, 12–13.) Not only is such a finding contrary to the Minnesota Supreme Court's ruling in Beaulieu for the length of the delay at issue, but it also is not supported by the cases cited in Defendant's briefing—in none of which did the court make a finding of per se prejudice. See Hukkanen, 3 F.3d at 286 (finding that the defendant failed to allege the requisite prejudice resulting from a delay in prosecution of a charge filed with the EEOC); Garrett v. Gen. Motors Corp., 844 F.2d 559, 562 (8th Cir. 1988) (finding that the district court did not abuse its discretion

---

[4] Plaintiff submitted an affidavit stating that she made several phone calls to the MDHR to check on the status of her charge, as well as phone records that purportedly document some of those calls. (See Acker Aff. [Doc. No. 25] ¶¶ 2–10 & Exs. A–C.) The Court declines to consider this evidence and convert the motion for judgment on the pleadings to a motion for summary judgment.

in concluding after trial that the defendant had been prejudiced by a twelve-year delay relating to a Title VII claim); Whitfield, 820 F.2d at 245–46 (affirming the district court's finding of prejudice based on evidence presented in the defendant's motion for summary judgment on the plaintiff's Title VII claim); Modrow v. JP Foodservice, Inc., 656 N.W.2d 389, 395 (Minn. 2003) (reviewing the district court's factual findings regarding the prejudicial impact on the defendant of the plaintiff's failure to prosecute); Belton v. City of Mpls., 393 N.W.2d 244, 246 (Minn. Ct. App. 1986) (finding prejudice where the defendants asserted that at least two witnesses were no longer available after the plaintiff's seven-year delay in prosecuting her claim). Accordingly, the Court declines to dismiss Plaintiff's Complaint under the doctrine of laches, and Defendant's Motion for Judgment on the Pleadings is denied.

    **B.**    **Defendant's Motion to Strike**

In its Motion to Strike, Defendant seeks to strike portions of Plaintiff's opposition memorandum, as well as certain portions of and attachments to her attorney's declaration, because they "represent purported facts not included in or embraced by the pleadings" and so should not be considered on a Rule 12 motion. (Def.'s Mot. to Strike [Doc. No. 14] at 1.) Specifically, Defendant seeks to strike: (1) an excerpt from an MDHR Order and the Order itself; (2) a statement about Plaintiff's reliance on the MDHR's advice; (3) references to a letter from Defendant to the MDHR and the letter itself; (4) references to the parties' efforts at conciliation and mediation; (5) a statement about the timeframe for which Plaintiff is seeking lost wages; and (6) references to Defendant's answer to Plaintiff's charge of

discrimination and the answer itself.  (See Rudolph Decl. [Doc. No. 17] ¶¶ 2–3.)  Plaintiff, on the other hand, argues that the Court may consider these statements and documents because they are part of the public record or are embraced by the pleadings.  (See Pl.'s Mem. in Resp. to Def.'s Mot. to Strike [Doc. No. 19] at 2–4.)

As several judges in this District have noted, neither the Federal Rules of Civil Procedure nor this District's Local Rules authorize a party to bring a motion to strike memoranda or affidavits.  See Carlson Mktg. Grp., Inc. v. Royal Indem. Co., Civ. No. 04-CV-3368, 2006 WL 2917173, at *2 (D. Minn. Oct. 11, 2006) (citing Smith v. United HealthCare Servs., Inc., No. Civ. 00-1163 (ADM/AJB), 2003 WL 22047861, at *3 n.7 (D. Minn. Aug. 28, 2003); VanDanacker v. Main Motor Sales Co., 109 F. Supp. 2d 1045, 1047 (D. Minn. 2000)).  Moreover, this Court focused on the allegations in Plaintiff's Complaint, and not the challenged statements or documents, in ruling on Defendant's Motion for Judgment on the Pleadings.  Accordingly, there is no authority for—or need to—strike those statements or documents from the record, and Defendant's Motion to Strike is denied.

## IV.   ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1.   Defendant's Motion for Judgment on the Pleadings [Doc. No. 6] is **DENIED**; and

2.   Defendant's Motion to Strike [Doc. No. 14] is **DENIED**.

Dated:  February 27, 2015         s/Susan Richard Nelson
                                  SUSAN RICHARD NELSON
                                  United States District Judge